UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JOSHUA PATRICK WELDON, | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | 2:19-cv-00428-JAW |
| | ) | |
| STEVE BUTTS, | ) | |
| | ) | |
| Defendant | ) | |

# RECOMMENDED DECISION
## BASED ON PLAINTIFF'S FAILURE TO PROSECUTE

On September 16, 2019, Plaintiff filed a complaint (ECF No. 1), but did not pay the filing fee or file a motion to proceed in forma pauperis. On September 20, 2019, the Court ordered Plaintiff to pay the $400 filing fee or file a completed in forma pauperis application. (Order, ECF No. 2.)

Because Plaintiff failed to comply with the order, on October 21, 2019, the Court issued an Order to Show Cause. (ECF No. 3.) In the order, the Court established November 4, 2019, as the date by which Plaintiff must show cause in writing as to why he failed to comply with the Court's order. The Court again advised Plaintiff that if he failed to show cause, his complaint could be dismissed. (*Id*.) Plaintiff did not respond to the Show Cause Order and has not otherwise communicated with the Court. Given Plaintiff's failure to show cause, I recommend the Court dismiss the matter without prejudice.

## DISCUSSION

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte for any of the reasons prescribed in Fed. R. Civ. P. 41(b)." *Cintron-Lorenzo v. Dep't de Asumtos del Consumidor*, 312 F.3d 522, 526 (1st Cir. 2002) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 – 31 (1962)). Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action for a party's failure to prosecute and failure to comply with the Court's orders. Here, Plaintiff has (a) failed to comply with the Court's September 20, 2019, Order that required Plaintiff to either pay the $400 filing fee or file an Application to Proceed In Forma Papueris (ECF No. 2), and (b) failed to show cause in accordance with the Court's Order to Show Cause. (ECF No. 3.) Plaintiff thus has not only failed to comply with two of the Court's orders, but insofar as he has not notified the Court of his intent to proceed, Plaintiff has also failed to prosecute his claim.

Given Plaintiff's failure to comply with the Court's orders, his failure otherwise to prosecute the action, and his lack of communication with the Court in this matter following the filing of the complaint, dismissal is warranted.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court dismiss Plaintiff's complaint without prejudice.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge


Dated this 14th day of November, 2019.